**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-4175
_____

UNITED STATES OF AMERICA

v.

SANTO ISLAAM,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(District Court No.:  1-12-cr-00776-001)
District Judge:  Honorable Robert B. Kugler

_____

Submitted under Third Circuit LAR 34.1(a)
On June 1, 2015

Before:  RENDELL, HARDIMAN, and VANASKIE, Circuit Judges

(Opinion filed: June 22, 2015)

_____

O P I N I O N*

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, Circuit Judge:

Appellant Santo Islaam appeals from the District Court's denial of his motion to withdraw his guilty plea. For the reasons articulated below, we will affirm.

On February 24, 2012, Camden City Police arrested Appellant after observing him providing cash to another individual in exchange for certain small items. The police officers who stopped him found a loaded revolver, two zip-lock bags of heroin, and a bag of cocaine on his person. Appellant was arrested and subsequently indicted for unlawful possession of a firearm as a felon, unlawful transportation of firearms, and possession of heroin and cocaine. Appellant was represented by an Assistant Federal Public Defender and entered a plea of guilty on September 16, 2013 to Possession of a Weapon by a Convicted Felon. In exchange for this plea, the Government agreed to dismiss his other two counts at his sentencing.

Subsequently, Appellee filed a *pro se* letter to the District Court, which it interpreted as a Motion for New Counsel and Motion to Withdraw his Guilty Plea. In the letter, Appellant asserted that his counsel coerced him to plead guilty by advising him that he was potentially facing a penalty of 25 years to life if convicted at trial, and that he had no realistic chance of being found not guilty. The District Court appointed him new counsel, who represented in the hearing on his withdrawal motion that, if called to testify, Appellant would state that the firearm was not his, was not in his possession at the time of arrest, and that he was not aware of its existence at the time of his arrest. Appellant's new counsel also stated that Appellant would testify that the officers who arrested him

2

lied when they stated that they found the firearm on his person, and that it was in fact recovered from the wheel well of a nearby car.

The District Court denied Appellant's motion to withdraw his plea, finding that he had not met his burden of showing sufficiently strong reasons to justify the withdrawal. The Court credited his sworn testimony of his guilt from his prior court appearances over his unsworn recantations of his plea through his attorney, and found that he had not demonstrated that his original counsel had given him incorrect legal advice, or coerced him to plead guilty.

We review a district court's ruling on a motion to withdraw a guilty plea for abuse of discretion. *United States v. Siddons*, 660 F.3d 699, 703 (3d Cir. 2011). A district court has the discretion to permit a defendant to withdraw a guilty plea prior to sentencing if the defendant can show "a fair and just reason for requesting the withdrawal." Fed. R. Crim. Pr. 11(d)(2)(B). "When determining whether a defendant has shown a fair and just reason for withdrawing a guilty plea, a district court must consider whether: (1) the defendant asserts his innocence; (2) the defendant proffered strong reasons justifying the withdrawal; and (3) the government would be prejudiced by the withdrawal." *Siddons*, 660 F.3d at 703. "Assertions of innocence must be buttressed by facts in the record that support a claimed defense." *Id.* "A shift in defense tactics, a change of mind, or the fear of punishment are not adequate reasons to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." *Id.* at 703 (quoting *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003)).

3

Appellant failed to carry his burden of demonstrating a fair and just reason sufficient to justify permitting him to withdraw his guilty plea. While Appellant asserted his innocence, he did not corroborate that claim with objective evidence, such as statements from other witnesses or other tangible evidence. The District Court reasonably credited his previous admission of guilt under oath over his later recantations of that admission while not under oath – namely, by way of a proffer through his attorney.

The District Court did not abuse its discretion in rejecting Appellant's contention that his original trial counsel was ineffective. "A court will permit a defendant to withdraw a guilty plea based on ineffective assistance of counsel only if (1) the defendant shows that his attorney's advice was under all the circumstances unreasonable under prevailing professional norms, and (2) the defendant shows that he suffered 'sufficient prejudice' from his counsel's errors." *Jones*, 336 F.3d at 253-54 (internal citations omitted). Appellant argues that he pled guilty to the gun possession charge despite his innocence because his counsel advised him that he had no chance of winning at trial, and that the District Court judge had "stacked the deck" in favor of the prosecutor. However, this advice was reasonable. At trial, the Government would have presented the eyewitness testimony of two police officers who would have stated that they saw Appellant engage in a drug transaction, and found a gun and drugs on his person upon stopping him. The jury would have likely believed the testimony of the two police officers over the Appellant, a convicted felon, particularly because Appellant provided no reason why the officers would have framed him for the crime, or how they would have

4

known to look for the firearm in the wheel well of a nearby vehicle. Appellant faced 25 years to life imprisonment if convicted by a jury. Additionally, the Government had agreed to drop the drug possession charges against him in exchange for a guilty plea on the gun possession charge.

In *Government of the Virgin Islands v. Berry*, we affirmed a district court's denial of a defendant's motion to withdraw his guilty plea. 631 F.2d 214, 221 (3d Cir. 1980). The defendant argued that he submitted the plea because his counsel mistakenly assumed that the defendant's co-conspirator would testify against him at his own trial, which he did not. *Id.* Despite acknowledging this tactical mistake on counsel's part, the district court refused to let him withdraw the plea, and we agreed. *Id.* We see no miscalculation or tactical mistake here; rather, counsel's advice to Appellant was sound. Therefore, not only was counsel's advice that he take the plea reasonable, it was not an error that caused him any prejudice. Additionally, Appellant put forward no other evidence that his counsel exerted coercive pressure on him to plead guilty.

Because Appellant has not met his burden under either of the first two *Siddons* factors, the Government did not need to demonstrate that it would have been prejudiced by the withdrawal of his guilty plea. *See Jones*, 336 F.3d at 255; *United States v. Harris*, 44 F.3d 1206, 1210 (3d Cir. 1995). Therefore, we will affirm.

5